## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AMY GAITANE and MAHASTI KOOSHA, individually and on behalf of a class of similarly-situated female employees,<br><br>                  **Plaintiffs,**<br><br>    **v.**<br><br>EATON CORPORATION, ALFRED VINCENZI, PATRICK FERRANG, and RONALD QUADE,<br><br>                  **Defendants.** | Case No. 11 Civ. 2323 (WHP)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT** |

Defendants Eaton Corporation ("Eaton Corporation"), Alfred Vincenzi, Patrick Ferrang, and Ronald Quade (collectively, "Defendants"), by and through their attorneys Latham & Watkins LLP, for their answer and affirmative defenses to the putative Amended Class Action Complaint (the "Amended Complaint"), herein state that the preamble to the Amended Complaint purports to describe this action and, therefore, does not require a response, and further:

    1.    Deny the allegations of Paragraph 1 of the Amended Complaint, except state that Eaton Corporation has a 100-year heritage of innovation across its five operating segments: Electrical, Aerospace, Automotive, Hydraulics and Truck.

    2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint, and state that the cited and quoted document speaks for itself.

    3.    Deny the allegations of Paragraph 3 of the Amended Complaint, except (a) state

that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 concerning the industry generally; and (b) state that the document cited in Paragraph 3, which reports that the national average of women majoring in engineering is "a meager 18 percent", speaks for itself.

4.     Deny the allegations of Paragraph 4 of the Amended Complaint, except state that women are represented among Eaton Corporation's corporate officers and on its Board of Directors.

5.     Deny the allegations of Paragraph 5 of the Amended Complaint, except state that the cited and quoted document speaks for itself, and Defendants refer to it for its contents.

6.     Deny the allegations of Paragraph 6 of the Amended Complaint, except (a) admit that diversity and inclusion are important to Eaton Corporation's global talent strategy; and (b) state that the cited and quoted document speaks for itself.

7.     Deny the allegations of Paragraph 7 of the Amended Complaint.

8.     Deny the allegations of Paragraph 8 of the Amended Complaint.

9.     Deny the allegations of Paragraph 9 of the Amended Complaint, and state that a response is not required to the extent the allegations of Paragraph 9 purport to state a legal conclusion.

10.    Deny the allegations of Paragraph 10 of the Amended Complaint.

11.    Admit the allegations of Paragraph 11 of the Amended Complaint, state that the Eaton Corporation Code of Ethics ("Code of Ethics") speaks for itself, and state that Defendants refer to the Code of Ethics for its contents.

12.    Deny the allegations of Paragraph 12 of the Amended Complaint.

13.    Deny the allegations of Paragraph 13 of the Amended Complaint, except (a) state

that the Eaton Corporation Ethics Guide ("Ethics Guide") speaks for itself, and Defendants refer to the Ethics Guide for its contents; (b) state that Mr. Al Vincenzi holds the title, Director of Sales – Northeast Zone for North American Sales – Electrical Sector; and (c) state that complaints from Ms. Koosha's customers prompted discussion and consideration of a performance improvement plan for Ms. Koosha.

14.    Deny the allegations of Paragraph 14 of the Amended Complaint.

15.    Deny the allegations of Paragraph 15 of the Amended Complaint.

16.    Deny the allegations of Paragraph 16 of the Amended Complaint, except (a) state that, with respect to Ms. Koosha's reported health problems, she was known to be a smoker, overweight, and experiencing stress from raising her children as a single mother following a divorce; (b) state that, following what was reported as a heart attack, Ms. Koosha responded to her colleagues' concerned inquiries about her health by requesting that no one visit her at the hospital; and (c) deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 concerning alleged conversations between Ms. Koosha and third parties.

17.    Deny the allegations of Paragraph 17 of the Amended Complaint, except state that Ms. Gaitane, Ms. Koosha, and other female sales engineers have been invited to, and participated in, "team-building" events.

18.    Deny the allegations of Paragraph 18 of the Amended Complaint, except state that male and female employees have discussed company business amongst themselves at various social events.

19.    Deny the allegations of Paragraph 19 of the Amended Complaint, except state that the Ethics Guide speaks for itself, and Defendants refer to it for its contents.

20.     Deny the allegations of Paragraph 20 of the Amended Complaint, except (a) state that, in response to Ms. Koosha's complaint regarding Mr. Ferrang, those involved in the alleged incident were requested (or, in Mr. Ferrang's case, required) to take on-line courses designed to improve their ability to interact positively with one another, and that, to that end, Ms. Koosha was encouraged to take online courses concerning diversity, conflict resolution, and stress management; (b) state that during a conversation between Ms. Koosha and an HR Representative, Ms. Koosha became strident, aggressive, and increasingly loud, such that the HR Representative told Ms. Koosha that she really needed to take it down a notch; and (c) state that, when responding to HR complaints of any nature, the policy is to maintain confidentiality to the maximum extent possible while permitting an appropriate investigation, a policy that was followed with respect to Ms. Koosha.

21.     Deny the allegations of Paragraph 21 of the Amended Complaint, except state that the Eaton Corporation website speaks for itself, and Defendants refer to it for its contents.

22.     Deny the allegations of Paragraph 22 of the Amended Complaint.

23.     Deny the allegations of Paragraph 23 of the Amended Complaint, except state that credit for sales closed is relevant to bonus compensation, annual merit increases, and performance evaluations.

24.     Deny the allegations of Paragraph 24 of the Amended Complaint, except admit that the female engineers in Eaton Corporation's Electrical Sector are employed as Sales Engineers.

25.     Deny the allegations of Paragraph 25 of the Amended Complaint.

26.     Deny the allegations of Paragraph 26 of the Amended Complaint, except state that no response is required to the extent plaintiffs purport to describe, summarize, or otherwise

characterize the Amended Complaint.

27.     Deny the allegations of Paragraph 27 of the Amended Complaint, except state that no response is required to the extent plaintiffs purport to describe, summarize, or otherwise characterize the Amended Complaint.

28.     State that the allegations of Paragraph 28 of the Amended Complaint purport to state legal conclusions for which no response is required.

29.     Deny the allegations of Paragraph 29 of the Amended Complaint, except (a) state that an office is maintained and business is conducted in this Court's judicial district; (b) state that, during the time period at issue, Ms. Gaitane worked in certain locations in New York and/or New Jersey; (c) admit that Ms. Gaitane and Ms. Koosha worked with certain clients in New York; and (d) state that no response is required to the extent the allegations of Paragraph 29 purport to state legal conclusions.

30.     Deny the allegations of Paragraph 30 of the Amended Complaint, except (a) state that no response is required to the extent the allegations of Paragraph 30 purport to state legal conclusions; and (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 concerning communications between plaintiffs and third parties.

31.     Deny the allegations of Paragraph 31 of the Amended Complaint, except (a) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Gaitane's current place of residence; (b) state that, during the time period at issue, Ms. Gaitane worked in certain locations in New York and/or New Jersey; (c) state that, at the time of her termination, Ms. Gaitane was employed as a Lead Engineer – Sales; (d) state that Ms. Gaitane was employed in the Eaton Electrical Services and Systems Division until September 30, 2007; (e) state that as of October 1, 2007, Ms. Gaitane was employed in the North America Sales

Organization, where she remained employed until her termination for numerous policy violations, including fraudulent submission of expenses.

32.    Deny the allegations of Paragraph 32 of the Amended Complaint, except (a) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Koosha's current place of residence; (b) state that, during the time period at issue, Ms. Koosha worked in certain locations in New Jersey; (c) state that Ms. Koosha worked with certain clients in New York; (d) state that, at the time of her resignation, Ms. Koosha was employed as a Lead Engineer – Sales; (e) state that Ms. Koosha was employed in the Eaton Electrical Services and Systems Division until September 30, 2007; and (f) state that as of October 1, 2007, Ms. Koosha was employed in the North America Sales Organization, where she remained employed until her voluntary resignation.

33.    Deny the allegations of Paragraph 33 of the Amended Complaint, except (a) state that Eaton Corporation is a diversified power management company headquartered in Cleveland, Ohio; (b) state that an office is located in New York at 830 Third Avenue, New York, New York 10022; (c) state that each of the following Electrical sales zones has districts containing one or more offices:   the Northeast Zone (including the Metro, New England, Philadelphia, and Pittsburgh Districts), the Southeast Zone (including the Atlanta, Capitol, Carolinas, Nashville, and Florida Districts), the Central Zone (including the Chicago, Heartland, North Central, and Cincinnati Districts), the Southwest Zone (including the Houston, Austin, Dallas, and Southwest Districts), and the Western Zone (including the Los Angeles, San Francisco, Denver, and Northwest Districts); and (d) state that in 2010, net sales for Eaton Corporation were $13.7 billion.

34.    Deny the allegations of Paragraph 34 of the Amended Complaint, except state that

Mr. Vincenzi holds the title, Director of Sales – Northeast Zone for North American Sales – Electrical Sector, and that he is based in New York, New York.

35.     Deny the allegations of Paragraph 35 of the Amended Complaint, except (a) state that Mr. Ferrang is the District Manager for the Metro District in the Northeast Zone; (b) state that Mr. Ferrang is based in Edison, New Jersey; (c) admit that Mr. Ferrang reports to Mr. Vincenzi; and (d) state that Mr. Ferrang supervised plaintiffs Gaitane and Koosha from April 2008 until February 2009.

36.     Deny the allegations of Paragraph 36 of the Amended Complaint, except (a) state that Ronald Quade served as Team Leader for the Metro District of the Northeast Zone beginning March 16, 2004; (b) state that Mr. Quade's title changed to Area Sales Manager effective January 1, 2005; (c) state that Mr. Quade was based in Edison, New Jersey; (d) admit that Mr. Quade reported to Mr. Ferrang; and (e) state that Mr. Quade succeeded Mr. Ferrang as the direct supervisor of plaintiffs Gaitane and Koosha in 2009, and that Mr. Quade continued to supervise Ms. Gaitane and Ms. Koosha until their respective termination and voluntary resignation in 2010.

37.     Deny the allegations of Paragraph 37 of the Amended Complaint, except (a) state that Ms. Gaitane began her employment with Eaton in 2005; (b) state that Ms. Gaitane's title when she began her employment was Lead Engineer – Sales; (c) state that at the time Ms. Gaitane began her employment, she was employed in the Power Quality Solutions Organization; and (d) state that Ms. Gaitane was terminated in April 2010 for numerous policy violations, including fraudulent submission of expenses.

38.     Deny the allegations of Paragraph 38 of the Amended Complaint, except state that throughout her tenure with Eaton, Ms. Gaitane worked in the Metro District within the Northeast

Zone.

39.     Deny the allegations of Paragraph 39 of the Amended Complaint, except (a) admit that Ms. Gaitane indicated to Eaton that she has a Bachelor's Degree in Industrial Engineering; and (b) admit that Ms. Gaitane indicated that she held various sales positions in the engineering field prior to joining Eaton.

40.     Deny the allegations of Paragraph 40 of the Amended Complaint.

41.     Deny the allegations of Paragraph 41 of the Amended Complaint, except state that certain employees have received "Z account" compensation.

42.     Deny the allegations of Paragraph 42 of the Amended Complaint, except (a) state that certain aspects of Eaton Electrical Sales were restructured; and (b) state that Ms. Gaitane received credit and bonus compensation owing to her both before and after the restructuring.

43.     Deny the allegations of Paragraph 43 of the Amended Complaint, except state that credit for sales closed is relevant to bonus compensation, annual merit increases, and performance evaluations.

44.     Deny the allegations of Paragraph 44 of the Amended Complaint.

45.     Deny the allegations of Paragraph 45 of the Amended Complaint, except (a) state that Ms. Gaitane complained about using the VISTA system, and resisted learning how to use same; (b) state that Ms. Gaitane's managers repeatedly attempted to assist Ms. Gaitane in understanding the VISTA system; and (c) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made by unnamed third parties.

46.     Deny the allegations of Paragraph 46 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning

actions or representations allegedly made by unnamed third parties.

47.    Deny the allegations of Paragraph 47 of the Amended Complaint, except state that Ms. Gaitane's deteriorating job performance affected her compensation.

48.    Deny the allegations of Paragraph 48 of the Amended Complaint, except (a) state that a staff meeting occurred in or about December 2008; and (b) state that Sales Engineers present at the staff meeting were encouraged actively to pursue all revenue opportunities from projects of all sizes.

49.    Deny the allegations of Paragraph 49 of the Amended Complaint.

50.    Deny the allegations of Paragraph 50 of the Amended Complaint, except state that Ms. Gaitane never sought a promotion, nor was recommended for one.

51.    Deny the allegations of Paragraph 51 of the Amended Complaint, except state that significant sales of any type have the potential to allow employees to distinguish themselves, increase their bonus compensation, and enhance promotional opportunities.

52.    Deny the allegations of Paragraph 52 of the Amended Complaint.

53.    Deny the allegations of Paragraph 53 of the Amended Complaint.

54.    Deny the allegations of Paragraph 54 of the Amended Complaint.

55.    Deny the allegations of Paragraph 55 of the Amended Complaint, except state that both male and female employees have discussed company business amongst themselves at social events.

56.    Deny the allegations of Paragraph 56 of the Amended Complaint.

57.    Deny the allegations of Paragraph 57 of the Amended Complaint, except (a) state that Ms Gaitane privately met with Mr. Vincenzi to complain about Mr. Quade's management style; (b) state that, during the course of that conversation, Ms. Gaitane used the term "wet

noodle" in referring to Mr. Quade; (c) state that Mr. Vincenzi interpreted Ms. Gaitane's insult of Mr. Quade to mean that she was making a sexual reference; (d) state that Ms. Gaitane never expressed offense, disagreement or embarrassment regarding Mr. Vincenzi's understanding of her remarks; and (e) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Gaitane's uncommunicated mental impressions of her conversation with Mr. Vincenzi.

58.     Deny the allegations of Paragraph 58 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 concerning communications between plaintiffs and unnamed third parties.

59.     Deny the allegations of Paragraph 59 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Gaitane's uncommunicated state of mind.

60.     Deny the allegations of Paragraph 60 of the Amended Complaint, except (a) state that during a private meeting that Ms. Gaitane requested with Mr. Vincenzi, Ms. Gaitane initiated a discussion about her concerns with being "tarred with the same brush" as Ms. Koosha; (b) state that, during that meeting, Ms. Gaitane requested advice from Mr. Vincenzi regarding how Ms. Gaitane could disassociate from Ms. Koosha; (c) state that, in response to Ms. Gaitane's request, Mr. Vincenzi assured Ms. Gaitane that she and Ms. Koosha would be evaluated on their own, independent merits; and (d) state that, in response to Ms. Gaitane's request for advice regarding how she could better integrate herself, Mr. Vincenzi suggested that Ms. Gaitane could try varying the colleagues next to whom she sat during various office meetings.

61.     Deny the allegations of Paragraph 61 of the Amended Complaint, except (a) state

that during a private meeting requested by Ms. Gaitane with Mr. Vincenzi, Ms. Gaitane initiated discussion regarding attempts to encourage and facilitate the retention and promotion of women in the workplace; (b) state that Mr. Vincenzi acknowledged that, as in the workforce in general and population at large, there are not a lot of women engineers; and (c) state that Mr. Vincenzi stated that a concerted effort was being made to increase diversity in the workplace, including through retention and promotion of female employees.

62.     Deny the allegations of Paragraph 62 of the Amended Complaint.

63.     Deny the allegations of Paragraph 63 of the Amended Complaint, except (a) state that Ms. Gaitane contacted Ms. Cara Walker by telephone to request a meeting; (b) state that Ms. Gaitane and Ms. Walker met in person in January 2010; and (c) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Gaitane's uncommunicated state of mind.

64.     Deny the allegations of Paragraph 64 of the Amended Complaint, except state that, when responding to HR complaints of any nature, the policy is to maintain confidentiality to the maximum extent possible while permitting an appropriate investigation, a policy that was followed with respect to Ms. Gaitane.

65.     Deny the allegations of Paragraph 65 of the Amended Complaint.

66.     Deny the allegations of Paragraph 66 of the Amended Complaint, except (a) state that Ms. Gaitane's corporate credit card was frozen in March 2010 pending an investigation into Ms. Gaitane's potential policy violations, including fraudulent submission of expenses, for which she was ultimately terminated; and (b) admit that Ms. Gaitane contacted Mr. Quade to report that her company credit card was frozen and that Mr. Quade confirmed that Ms. Gaitane's expenses were "under review".

67.     Deny the allegations of Paragraph 67 of the Amended Complaint, except (a) admit that a meeting regarding an audit of Ms. Gaitane's expenses occurred on April 13, 2010; (b) state that Ms. Gaitane, Ann Remmers, Barbara Harper, and Ron Quade were in attendance at said meeting; (c) state that Ms. Gaitane was advised during the meeting that her expenses were being audited to understand what appeared to be irregularities and anomalies with respect to submission of expenses and use of her corporate credit card; (d) admit that Ms. Gaitane was advised that she would be notified of the outcome of the audit, which could range from a note in her file to termination; (e) state that when presented with an E-Z Pass receipt submitted by Ms. Gaitane for reimbursement, Ms. Gaitane was asked if she could log on to her E-Z Pass on-line account to verify that the amount submitted for reimbursement also appeared on the E-Z Pass statement; (f) state that at or about the time Ms. Gaitane was asked to log on to her on-line E-Z Pass account in order to match the E-Z Pass reimbursement request with an E-Z pass charge for the same amount, Ms. Gaitane asked if she could call a lawyer; (g) state that Ms. Gaitane was advised that lawyers generally do not participate in internal investigations of this nature; and (h) state that Ms. Gaitane's cooperation was requested.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Amended Complaint.

69.     Deny the allegations of Paragraph 69 of the Amended Complaint, except state that Ms. Gaitane was terminated on or about April 28, 2010, for fraudulent expense reports, double-counting expenses, and otherwise violating certain policies.

70.     Deny the allegations of Paragraph 70 of the Amended Complaint, except (a) state that there is a policy against the issuance or acceptance of cash or cash equivalents, including gift cards, a policy that speaks for itself and to which Defendants refer for its contents; (b) state that

Ms. Gaitane was aware of policies against giving gift cards and seeking reimbursement for same; (c) state that in a 2010 expense report submitted for approval by Ms. Gaitane to her supervisor, Mr. Quade, Ms. Gaitane included receipts for reimbursement for gift cards; (d) state that Mr. Quade did not believe the gift card expenses ultimately would be reimbursed, but agreed to approve them on a one-time basis.

71.     Deny the allegations of Paragraph 71 of the Amended Complaint.

72.     Deny the allegations of Paragraph 72 of the Amended Complaint, except state that the expense reimbursement policies speak for themselves, and Defendants refer to those policies for their contents.

73.     Deny the allegations of Paragraph 73 of the Amended Complaint, except (a) state that Ms. Koosha began her employment with Eaton in August 2003 as a Sales Engineer in the Electrical Services and Systems Division; and (b) state that Ms. Koosha was employed as a Lead Engineer  – Sales at the time of her voluntary resignation in August 2010.

74.     Deny the allegations of Paragraph 74 of the Amended Complaint, except state that Ms. Koosha worked in the Metro District within the Northeast Zone until her voluntary resignation.

75.     Deny the allegations of Paragraph 75 of the Amended Complaint, except (a) admit that Ms. Koosha indicated to Eaton that she has a Bachelor's of Science degree in Electrical and Computer Engineering; and (b) admit that Ms. Koosha indicated that she held various sales positions in the engineering field prior to joining Eaton.

76.     Deny the allegations of Paragraph 76 of the Amended Complaint, except state Ms. Koosha won performance awards in 2006 and 2007.

77.     Deny the allegations of Paragraph 77 of the Amended Complaint.

78.     Deny the allegations of Paragraph 78 of the Amended Complaint, except state that Ms. Koosha's deteriorating job performance affected her compensation.

79.     Deny the allegations of Paragraph 79 of the Amended Complaint.

80.     Deny the allegations of Paragraph 80 of the Amended Complaint, except state that certain of Ms. Koosha's accounts were reassigned during the pendency of her medical leave in order to ensure continuity of service to Eaton's customers.

81.     Deny the allegations of Paragraph 81 of the Amended Complaint.

82.     Deny the allegations of Paragraph 82 of the Amended Complaint, except state that certain of Ms. Koosha's accounts were reassigned during the pendency of her medical leave in order to ensure continuity of service to Eaton's customers.

83.     Deny the allegations of Paragraph 83 of the Amended Complaint.

84.     Deny the allegations of Paragraph 84 of the Amended Complaint.

85.     Deny the allegations of Paragraph 85 of the Amended Complaint.

86.     Deny the allegations of Paragraph 86 of the Amended Complaint.

87.     Deny the allegations of Paragraph 87 of the Amended Complaint.

88.     Deny the allegations of Paragraph 88 of the Amended Complaint, except state that Ms. Koosha applied, but was not selected, for the position of "Power Management Sales Manager".

89.     Deny the allegations of Paragraph 89 of the Amended Complaint, except admit that Ms. Koosha applied, but was not selected, for the position of "Negotiation Application Engineer".

90.     Deny the allegations of Paragraph 90 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning

alleged conversations between Ms. Koosha and third parties.

91.   Deny the allegations of Paragraph 91 of the Amended Complaint.

92.   Deny the allegations of Paragraph 92 of the Amended Complaint.

93.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the Amended Complaint concerning alleged conversations between Ms. Koosha and third parties.

94.   Deny the allegations of Paragraph 94 of the Amended Complaint, except state that Ms. Koosha complained about a now former employee who used an obscenity during an argument with Ms. Koosha.

95.   Deny the allegations of Paragraph 95 of the Amended Complaint.

96.   Deny the allegations of Paragraph 96 of the Amended Complaint.

97.   Deny the allegations of Paragraph 97 of the Amended Complaint.

98.   Deny the allegations of Paragraph 98 of the Amended Complaint.

99.   Deny the allegations of Paragraph 99 of the Amended Complaint.

100.   Deny the allegations of Paragraph 100 of the Amended Complaint.

101.   Deny the allegations of Paragraph 101 of the Amended Complaint.

102.   Deny the allegations of Paragraph 102 of the Amended Complaint.

103.   Deny the allegations of Paragraph 103 of the Amended Complaint, except (a) state that certain customers registered complaints about Ms. Koosha and requested that she be removed from their accounts;  and (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made by unnamed third parties.

104.   Deny the allegations of Paragraph 104 of the Amended Complaint, except

(a) state that, due to Ms. Koosha's poor performance, Mr. Ferrang sought to issue a Letter of Concern to Ms. Koosha in 2008; (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the content of confidential communications between Ms. Koosha and Eaton's Ombuds Office; (c) state that Ms. Koosha relayed to HR Representative Cara Walker a conversation Ms. Koosha reportedly had with the Ombuds Office regarding the conditions under which a Letter of Concern could be put in her file; and (d) state that Mr. Ferrang was unable to issue a Letter of Concern to Ms. Koosha until he had supervised her long enough to administer a mid-year performance review.

105.    Deny the allegations of Paragraph 105 of the Amended Complaint, except (a) state that in 2009, Mr. Ferrang completed Ms. Koosha's annual performance review for 2008; (b) state that Ms. Koosha was given a rating of "Needs Improvement" due to her consistently poor performance; and (c) state that Mr. Ferrang was unable to meet with Ms. Koosha concerning her 2008 annual review due to Ms. Koosha's medical absence.

106.    Deny the allegations of Paragraph 106 of the Amended Complaint, except (a) deny knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Ferrang postponed a meeting with Ms. Koosha by three days; and (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Koosha's uncommunicated state of mind.

107.    Deny the allegations of Paragraph 107 of the Amended Complaint, except (a) state that Ms. Koosha reported to Eaton that she had a heart attack; (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Koosha's medical history and representations allegedly made by unnamed third parties; and (c) state that, with respect to Ms. Koosha's reported health problems, she was known to be a smoker,

16

overweight, and experiencing stress from raising her children as a single mother following a divorce.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 of the Amended Complaint.

109.     Deny the allegations of Paragraph 109 of the Amended Complaint, except (a) state that Ms. Koosha filed an internal complaint in June of 2009 regarding Mr. Ferrang; and (b) state that the Human Resources Department committed to, and did, take all appropriate steps to investigate and respond to Ms. Koosha's allegations.

110.     Deny the allegations of Paragraph 110 of the Amended Complaint,  except state that Ms. Koosha did inquire about the status of her complaint.

111.     Deny the allegations of Paragraph 111 of the Amended Complaint, except state that Mr. Ferrang's conduct, even if unintentional, was found to have violated certain policies and practices.

112.     Deny the allegations of Paragraph 112 of the Amended Complaint, except state that employees involved in the alleged incident were requested (or, in Mr. Ferrang's case, required) to take on-line courses designed to improve their ability to interact positively with one another, and that, to that end, Ms. Koosha was encouraged to take online courses concerning diversity, conflict resolution, and stress management.

113.     Deny the allegations of Paragraph 113 of the Amended Complaint, except (a) state that Mr. Quade administered Koosha's mid-year performance evaluation in or about August 2009; (b) state that, outside the presence of Ms. Koosha, certain customers had expressed concern to Mr. Quade about their interactions with Ms. Koosha; and (c) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Koosha's

communications with unnamed third parties.

114.    Deny the allegations of Paragraph 114 of the Amended Complaint, except state that the Outlook account assigned to Ms. Koosha was made to issue an automatic out-of-office reply message during her leave of absence.

115.    Deny the allegations of Paragraph 115 of the Amended Complaint, except (a) state that in or about February 2010, Mr. Quade met with Ms. Koosha to discuss her annual performance review for the preceding year; (b) state that Ms. Koosha's performance review noted that she had alienated both customers and co-workers; and (c) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Koosha's communications with unnamed third parties or her understanding of those communications.

116.    Deny the allegations of Paragraph 116 of the Amended Complaint.

117.    Deny the allegations of Paragraph 117 of the Amended Complaint, except (a) state that Ms. Koosha resigned voluntarily in August 2010; and (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Koosha's uncommunicated state of mind.

118.    Deny the allegations of Paragraph 118 of the Amended Complaint, except state that no response is required to the extent plaintiffs purport to describe, summarize, or otherwise characterize the Amended Complaint.

119.    Deny the allegations of Paragraph 119 of the Amended Complaint.

120.    Deny the allegations of Paragraph 120 of the Amended Complaint.

121.    Deny the allegations of Paragraph 121 of the Amended Complaint.

122.    Deny the allegations of Paragraph 122 of the Amended Complaint.

123.    Deny the allegations of Paragraph 123 of the Amended Complaint.

124.    Deny the allegations of Paragraph 124 of the Amended Complaint.

125.    Deny the allegations of Paragraph 125 of the Amended Complaint.

126.    Deny the allegations of Paragraph 126 of the Amended Complaint, except (a) admit that plaintiffs have brought the Amended Complaint as a putative class action, and (b) state that no response is required to the extent the allegations of Paragraph 126 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

127.    Deny the allegations of Paragraph 127 of the Amended Complaint, except (a) admit that plaintiffs have brought the Amended Complaint as a putative class action; and (b) state that no response is required to the extent the allegations of Paragraph 127 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

128.    Deny the allegations of Paragraph 128 of the Amended Complaint, except (a) admit that plaintiffs have brought the Amended Complaint as a putative class action; and (b) state that no response is required to the extent the allegations of Paragraph 128 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

129.    Deny the allegations of Paragraph 129 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 129 purport to state legal conclusions.

130.    Deny the allegations of Paragraph 130 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 130 purport to state legal conclusions.

131.     Deny the allegations of Paragraph 131 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 131 purport to state legal conclusions.

132.     Deny the allegations of Paragraph 132 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 132 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

133.     Deny the allegations of Paragraph 133 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 133 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

134.     Deny the allegations of Paragraph 134 of the Amended Complaint.

135.     Deny the allegations of Paragraph 135 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 135 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

136.     Deny the allegations of Paragraph 136 of the Amended Complaint, except (a) admit that Eaton has measures to protect against intentional, overt, and other forms of discrimination; (b) admit that Eaton has facially neutral policies and procedures to protect against intentional, overt, and other forms of discrimination; and (c) state that no response is required to the extent the allegations of Paragraph 136 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

137.     Deny the allegations of Paragraph 137 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 137 purport to state legal conclusions.

138.     Deny the allegations of Paragraph 138 of the Amended Complaint, except admit

that Ms. Gaitane and Ms. Koosha worked in the Electrical sector of Eaton Corporation.

139.    Deny the allegations of Paragraph 139 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 139 purport to state legal conclusions.

140.    Deny the allegations of Paragraph 140 of the Amended Complaint.

141.    Deny the allegations of Paragraph 141 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 141 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

142.    Deny the allegations of Paragraph 142 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 142 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

143.    Deny the allegations of Paragraph 143 of the Amended Complaint, except (a) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the qualifications of plaintiffs' counsel; and (b) state that no response is required to the extent the allegations of Paragraph 143 purport to state legal conclusions.

144.    Deny the allegations of Paragraph 144 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 144 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

145.    Deny the allegations of Paragraph 145 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 145 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

146.    Deny the allegations of Paragraph 146 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 146 purport to state legal

conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

147.     Deny the allegations of Paragraph 147 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 147 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

148.     Deny the allegations of Paragraph 148 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 148 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

149.     Deny the allegations of Paragraph 149 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 149 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

150.     Repeat and reallege the responses set forth in Paragraphs 1 through 149 of the Amended Complaint as if fully restated herein.

151.     Deny the allegations of Paragraph 151 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 151 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

152.     Deny the allegations of Paragraph 152 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 152 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

153.     Deny the allegations of Paragraph 153 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 153 purport to state legal conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

154.     Deny the allegations of Paragraph 154 of the Amended Complaint, except state that no response is required to the extent the allegations of Paragraph 154 purport to state legal

conclusions or to describe, summarize, or otherwise characterize the Amended Complaint.

155.     Repeat and reallege the responses set forth in Paragraphs 1 through 154 of the Amended Complaint as if fully restated herein.

156.     Deny the allegations of Paragraph 156 of the Amended Complaint, except admit that plaintiffs purport to bring this cause of action on their own behalf and on behalf of a putative class.

157.     Deny the allegations of Paragraph 157 of the Amended Complaint.

158.     Deny the allegations of Paragraph 158 of the Amended Complaint.

159.     Deny the allegations of Paragraph 159 of the Amended Complaint.

160.     Deny the allegations of Paragraph 160 of the Amended Complaint.

161.     Deny the allegations of Paragraph 161 of the Amended Complaint.

162.     Deny the allegations of Paragraph 162 of the Amended Complaint.

163.     Deny the allegations of Paragraph 163 of the Amended Complaint.

164.     Deny the allegations of Paragraph 164 of the Amended Complaint.

165.     Repeat and reallege the responses set forth in Paragraphs 1 through 164 of the Amended Complaint as if fully restated herein.

166.     Deny the allegations of Paragraph 166 of the Amended Complaint, except admit that plaintiffs purport to bring this cause of action on their own behalf and on behalf of a putative class.

167.     Deny the allegations of Paragraph 167 of the Amended Complaint.

168.     Deny the allegations of Paragraph 168 of the Amended Complaint.

169.     Deny the allegations of Paragraph 169 of the Amended Complaint.

170.     Deny the allegations of Paragraph 170 of the Amended Complaint.

171.    Repeat and reallege the responses set forth in Paragraphs 1 through 170 of the Amended Complaint as if fully restated herein.

172.    Deny the allegations of Paragraph 172 of the Amended Complaint, except admit that plaintiffs purport to bring this cause of action on their own behalf and on behalf of a putative class.

173.    Deny the allegations of Paragraph 173 of the Amended Complaint.

174.    Deny the allegations of Paragraph 174 of the Amended Complaint.

175.    Deny the allegations of Paragraph 175 of the Amended Complaint.

176.    Deny the allegations of Paragraph 176 of the Amended Complaint.

177.    Repeat and reallege the responses set forth in Paragraphs 1 through 176 of the Amended Complaint as if fully restated herein.

178.    Deny the allegations of Paragraph 178 of the Amended Complaint, except admit that plaintiffs purport to bring this cause of action on their own behalf and on behalf of the members of a putative class.

179.    Deny the allegations of Paragraph 179 of the Amended Complaint.

180.    Deny the allegations of Paragraph 180 of the Amended Complaint.

181.    Deny the allegations of Paragraph 181 of the Amended Complaint.

182.    Deny the allegations of Paragraph 182 of the Amended Complaint.

183.    Repeat and reallege the responses set forth in Paragraphs 1 through 182 of the Amended Complaint as if fully restated herein.

184.    Deny the allegations of Paragraph 184 of the Amended Complaint.

185.    Deny the allegations of Paragraph 185 of the Amended Complaint.

186.    Deny the allegations of Paragraph 186 of the Amended Complaint.

187.   Deny the allegations of Paragraph 187 of the Amended Complaint.

188.   Deny the allegations of Paragraph 188 of the Amended Complaint.

189.   Deny the allegations of Paragraph 189 of the Amended Complaint.

190.   Repeat and reallege their responses set forth in Paragraphs 1 through 189 of the Amended Complaint as if fully restated herein.

191.   Deny the allegations of Paragraph 191 of the Amended Complaint.

192.   Deny the allegations of Paragraph 192 of the Amended Complaint.

193.   Deny the allegations of Paragraph 193 of the Amended Complaint.

194.   Deny the allegations of Paragraph 194 of the Amended Complaint.

195.   Deny the allegations of Paragraph 195 of the Amended Complaint.

196.   Repeat and reallege the responses set forth in Paragraphs 1 through 195 of the Amended Complaint as if fully restated herein.

197.   Deny the allegations of Paragraph 197 of the Amended Complaint.

198.   Deny the allegations of Paragraph 198 of the Amended Complaint.

199.   Deny the allegations of Paragraph 199 of the Amended Complaint.

200.   Deny the allegations of Paragraph 200 of the Amended Complaint.

201.   Repeat and reallege the responses set forth in Paragraphs 1 through 200 of the Amended Complaint as if fully restated herein.

202.   Deny the allegations of Paragraph 202 of the Amended Complaint.

203.   Deny the allegations of Paragraph 203 of the Amended Complaint.

204.   Deny the allegations of Paragraph 204 of the Amended Complaint.

205.   Deny the allegations of Paragraph 205 of the Amended Complaint.

206.   Repeat and reallege the responses set forth in Paragraphs 1 through 205 of the

Amended Complaint as if fully restated herein.

207.    Deny the allegations of Paragraph 207 of the Amended Complaint.

208.    Deny the allegations of Paragraph 208 of the Amended Complaint.

209.    Deny the allegations of Paragraph 209 of the Amended Complaint.

210.    Deny the allegations of Paragraph 210 of the Amended Complaint.

211.    Repeat and reallege the responses set forth in Paragraphs 1 through 210 of the Amended Complaint as if fully restated herein.

212.    Deny the allegations of Paragraph 212 of the Amended Complaint.

213.    Deny the allegations of Paragraph 213 of the Amended Complaint.

214.    Deny the allegations of Paragraph 214 of the Amended Complaint.

215.    Deny the allegations of Paragraph 215 of the Amended Complaint.

216.    Deny the allegations of Paragraph 216 of the Amended Complaint.

217.    Repeat and reallege the responses set forth in Paragraphs 1 through 216 of the Amended Complaint as if fully restated herein.

218.    Deny the allegations of Paragraph 218 of the Amended Complaint.

219.    Deny the allegations of Paragraph 219 of the Amended Complaint.

220.    Deny the allegations of Paragraph 220 of the Amended Complaint.

221.    Deny the allegations of Paragraph 221 of the Amended Complaint.

222.    Deny the allegations of Paragraph 222 of the Amended Complaint.

223.    Deny the allegations of Paragraph 223 of the Amended Complaint.

224.    Repeat and reallege the responses set forth in Paragraphs 1 through 223 of the Amended Complaint as if fully restated herein.

225.    Deny the allegations of Paragraph 225 of the Amended Complaint.

226.     Deny the allegations of Paragraph 226 of the Amended Complaint.

227.     Deny the allegations of Paragraph 227 of the Amended Complaint.

228.     Repeat and reallege the responses set forth in Paragraphs 1 through 227 of the Amended Complaint as if fully restated herein.

229.     Deny the allegations of Paragraph 229 of the Amended Complaint.

230.     Deny the allegations of Paragraph 230 of the Amended Complaint.

231.     Deny the allegations of Paragraph 231 of the Amended Complaint.

232.     Repeat and reallege the responses set forth in Paragraphs 1 through 231 of the Amended Complaint as if fully restated herein.

233.     Deny the allegations of Paragraph 233 of the Amended Complaint.

234.     Deny the allegations of Paragraph 234 of the Amended Complaint.

235.     Deny the allegations of Paragraph 235 of the Amended Complaint.

236.     Repeat and reallege the responses set forth in Paragraphs 1 through 235 of the Amended Complaint as if fully restated herein.

237.     Deny the allegations of Paragraph 237 of the Amended Complaint.

238.     Deny the allegations of Paragraph 238 of the Amended Complaint.

239.     Deny the allegations of Paragraph 239 of the Amended Complaint.

240.     Deny the allegations of Paragraph 240 of the Amended Complaint.

241.     Repeat and reallege the responses set forth in Paragraphs 1 through 240 of the Amended Complaint as if fully restated herein.

242.     Deny the allegations of Paragraph 242 of the Amended Complaint.

243.     Deny the allegations of Paragraph 243 of the Amended Complaint.

244.     Deny the allegations of Paragraph 244 of the Amended Complaint.

245.     Repeat and reallege the responses set forth in Paragraphs 1 through 244 of the Amended Complaint as if fully restated herein.

246.     Deny the allegations of Paragraph 246 of the Amended Complaint.

247.     Deny the allegations of Paragraph 247 of the Amended Complaint.

248.     Deny the allegations of Paragraph 248 of the Amended Complaint, except state that, with respect to Ms. Koosha's reported health problems, she was known to be a smoker, overweight, and experiencing stress from raising her children as a single mother following a divorce.

249.     Deny the allegations of Paragraph 249 of the Amended Complaint.

250.     Deny the allegations of Paragraph 250 of the Amended Complaint.

251.     Repeat and reallege the responses set forth in Paragraphs 1 through 250 of the Amended Complaint as if fully restated herein.

252.     Deny the allegations of Paragraph 252 of the Amended Complaint.

253.     Deny the allegations of Paragraph 253 of the Amended Complaint.

254.     Deny the allegations of Paragraph 254 of the Amended Complaint, except state that, with respect to Ms. Koosha's reported health problems, she was known to be a smoker, overweight, and experiencing stress from raising her children as a single mother following a divorce.

255.     Deny the allegations of Paragraph 255 of the Amended Complaint.

256.     Repeat and reallege the responses set forth in Paragraphs 1 through 255 of the Amended Complaint as if fully restated herein.

257.     Deny the allegations of Paragraph 257 of the Amended Complaint.

258.     Deny the allegations of Paragraph 258 of the Amended Complaint.

259.    Deny the allegations of Paragraph 259 of the Amended Complaint, except state that, with respect to Ms. Koosha's reported health problems, she was known to be a smoker, overweight, and experiencing stress from raising her children as a single mother following a divorce.

260.    Deny the allegations of Paragraph 260 of the Amended Complaint.

261.    Repeat and reallege the responses set forth in Paragraphs 1 through 260 of the Amended Complaint as if fully restated herein.

262.    Deny the allegations of Paragraph 262 of the Amended Complaint.

263.    Deny the allegations of Paragraph 263 of the Amended Complaint.

264.    Deny the allegations of Paragraph 264 of the Amended Complaint, except state that, with respect to Ms. Koosha's reported health problems, she was known to be a smoker, overweight, and experiencing stress from raising her children as a single mother following a divorce.

265.    Deny the allegations of Paragraph 265 of the Amended Complaint.

266.    Repeat and reallege the responses set forth in Paragraphs 1 through 265 of the Amended Complaint as if fully restated herein.

267.    Deny the allegations of Paragraph 267 of the Amended Complaint.

268.    Deny the allegations of Paragraph 268 of the Amended Complaint.

269.    Deny the allegations of Paragraph 269 of the Amended Complaint.

270.    Deny the allegations of Paragraph 270 of the Amended Complaint.

271.    Deny the allegations of Paragraph 271 of the Amended Complaint.

272.    Repeat and reallege the responses set forth in Paragraphs 1 through 271 of the Amended Complaint as if fully restated herein.

273.     Deny the allegations of Paragraph 273 of the Amended Complaint, except admit that Ms. Koosha filed a complaint with the Human Resources Department, which investigated and responded to same.

274.     Deny the allegations of Paragraph 274 of the Amended Complaint.

275.     Deny the allegations of Paragraph 275 of the Amended Complaint.

276.     Deny the allegations of Paragraph 276 of the Amended Complaint, except state that, with respect to Ms. Koosha's reported health problems, she was known to be a smoker, overweight, and experiencing stress from raising her children as a single mother following a divorce.

277.     Deny the allegations of Paragraph 277 of the Amended Complaint.

278.     Deny the allegations of Paragraph 278 of the Amended Complaint.

279.     Repeat and reallege the responses set forth in Paragraphs 1 through 278 of the Amended Complaint as if fully restated herein.

280.     Deny the allegations of Paragraph 280 of the Amended Complaint, except admit that Ms. Koosha filed a complaint with the Human Resources Department, which investigated and responded to same.

281.     Deny the allegations of Paragraph 281 of the Amended Complaint.

282.     Deny the allegations of Paragraph 282 of the Amended Complaint.

283.     Repeat and reallege the responses set forth in Paragraphs 1 through 282 of the Amended Complaint as if fully restated herein.

284.     Deny the allegations of Paragraph 284 of the Amended Complaint, except admit that Ms. Koosha filed a complaint with the Human Resources Department, which investigated and responded to same.

285.     Deny the allegations of Paragraph 285 of the Amended Complaint.

286.     Deny the allegations of Paragraph 286 of the Amended Complaint.

287.     Repeat and reallege the responses set forth in Paragraphs 1 through 286 of the Amended Complaint as if fully restated herein.

288.     Deny the allegations of Paragraph 288 of the Amended Complaint, except admit that Ms. Koosha filed a complaint with the Human Resources Department, which investigated and responded to same.

289.     Deny the allegations of Paragraph 289 of the Amended Complaint.

290.     Deny the allegations of Paragraph 290 of the Amended Complaint.

291.     Repeat and reallege the responses set forth in Paragraphs 1 through 290 of the Amended Complaint as if fully restated herein.

292.     Deny the allegations of Paragraph 292 of the Amended Complaint, except admit that Ms. Koosha filed a complaint with the Human Resources Department, which investigated and responded to same.

293.     Deny the allegations of Paragraph 293 of the Amended Complaint.

294.     Deny the allegation of Paragraph 294 of the Amended Complaint.

295.     Deny the allegations of Paragraph 295 of the Amended Complaint.

296.     Repeat and reallege the responses set forth in Paragraphs 1 through 295 of the Amended Complaint as if fully restated herein.

297.     Deny the allegations of Paragraph 297 of the Amended Complaint, except admit that Ms. Koosha complained to the Human Resources Department, which investigated and responded to same.

298.     Deny the allegations of Paragraph 298 of the Amended Complaint.

299.     Deny the allegations of Paragraph 299 of the Amended Complaint.

Deny that plaintiffs, and any member of any putative class, are entitled to any relief, including but not limited to relief sought in the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to Meet Class Certification Requirements)

The claims alleged in the Amended Complaint are barred, in whole or in part, on the ground that they are not properly brought on behalf of a putative class, because, *inter alia*, the requirements for class certification are not (and cannot be) met and because certification of the putative class would result in a denial of due process to Defendants and to members of the putative class.

### SECOND AFFIRMATIVE DEFENSE
### (Limitations Imposed by the United States Constitution)

The claims alleged in the Amended Complaint are barred, in whole or in part, by the United States Constitution, and the constitutional amendments therein.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The claims alleged in the Amended Complaint are barred, in whole or in part, because they fail to state any claim upon which relief can be granted, including, but not limited to, plaintiffs' failure to plead and inability to establish causation, injury or damage(s), or persistent or pervasive hostility in the work environment.

### FOURTH AFFIRMATIVE DEFENSE
### (No Entitlement to Relief Sought)

The claims alleged in the Amended Complaint are barred, in whole or in part, to the extent plaintiffs and any person whom they purport to represent are precluded under applicable

law from recovering, *inter alia*, punitive damages, attorneys' fees, and injunctive relief, or such requested relief is otherwise unwarranted.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands, Improper Conduct, Bad Faith)

The claims alleged in the Amended Complaint are barred, in whole or in part, to the extent plaintiffs and the persons whom they purport to represent have unclean hands, including, *inter alia*, from engaging in unlawful, inequitable or improper conduct, or from otherwise proceeding in bad faith.

## SIXTH AFFIRMATIVE DEFENSE
### (Contributory or Comparative Negligence)

The claims alleged in the Amended Complaint are barred, in whole or in part, because Defendants are informed and believe and on that basis allege that the damages and injuries sustained by plaintiffs and the persons whom they purport to represent, if any, were and are wholly or partially proximately caused by the legal fault of other parties, thus barring or diminishing the recovery of plaintiffs and the persons whom they purport to represent according to principles of contributory or comparative negligence.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

The claims alleged in the Amended Complaint are barred, in whole or in part, by the doctrines of waiver and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

The claims alleged in the Amended Complaint are barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE
#### (Other Judgments or Release)

The claims alleged in the Amended Complaint are barred, in whole or in part, to the

extent any plaintiff and any person whom plaintiffs purport to represent are barred from recovery

due to judgments or awards received from this or any other tribunal in connection with some or

all of the claims alleged in the Amended Complaint, or if they have otherwise released any

Defendant from some or all of the claims alleged in the Amended Complaint.

### TENTH AFFIRMATIVE DEFENSE
#### (Statutes of Limitation and Repose)

The claims alleged in the Amended Complaint are barred, in whole or in part, by the

applicable statute(s) of limitations and/or repose, including, but not limited to, plaintiffs' failure

to file any Charge of Discrimination within 180 days after the alleged employment practice

occurred, which renders such charges untimely pursuant to the provisions of Section 706(e) of

Title VII, 42 U.S.C. and 2000e-5(e), and any failure by plaintiffs to include  in any timely-filed

Charge of Discrimination any act that is complained of in the Amended Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Lack of Standing)

The claims in the Amended Complaint are barred, in whole or in part, by plaintiffs' lack

of standing to assert some or all of the claims contained in the Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Inconvenient Forum)

The claims alleged in the Amended Complaint are barred, in whole or in part, to the

extent this judicial district is an inconvenient forum.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Failure to Satisfy Conditions Precedent)

The claims alleged in the Amended Complaint are barred, in whole or in part, by virtue of

plaintiffs' failure to satisfy conditions precedent to the making of their claims, including, but not limited to, failure to exhaust internal complaint and grievance procedures to be used in resolving complaints.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Consent)**

The claims alleged in the Amended Complaint are barred, in whole or in part, to the extent any alleged statements or actions by the Defendants and/or their agents were consented to by plaintiffs or by any person whom plaintiffs purport to represent.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

The claims alleged in the Amended Complaint are barred, in whole or in part, to the extent plaintiffs or any person whom they purport to represent failed to mitigate damages and/or caused some or all of the alleged injuries of which they now complain.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Ellerth and Faragher Doctrine, Reasonable Care)**

The claims alleged in the Amended Complaint are barred, in whole or in part, by Defendants' exercise of reasonable care to prevent and promptly correct any harassing behavior in the workplace, including, *inter alia*, by promulgating and adhering to an anti-harassment policy with complaint procedures.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Justification and Privilege, Business Judgment)**

The claims alleged in the Amended Complaint are barred, in whole or in part, to the extent any decisions regarding plaintiffs or any person whom they purport to represent constituted lawful, proper and justified means to further the purpose of engaging in and continuing to conduct business, were undertaken in good faith with the absence of malicious intent, and/or were based upon sound business judgment that was unrelated to any impermissible

criteria, including, *inter alia*, any decision made with respect to compensation.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Statutory Affirmative Defenses)

The Claims alleged in the Amended Complaint are barred, in whole or in part, by any

applicable statutory affirmative defense, including, but not limited to, any affirmative defense

available under the Equal Pay Act, which precludes liability for unequal pay that results from a

seniority system, a merit system, a system that measures earnings by quantity or quality of

production, or a system that results in compensation differentials based upon factors other than

sex.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

Defendants have insufficient knowledge or information upon which to form a belief as to

whether they may have additional affirmative defenses that govern the claims asserted by

plaintiffs or any person whom they purport to represent.  Defendants therefore reserve the right

to raise additional defenses as appropriate.

Dated: August 18, 2011
New York, New York

LATHAM & WATKINS LLP

By: _Adrienne J. Eason Wheatley_
David J. McLean
Mark S. Mester (admitted *pro hac vice*)
Adrienne K. Eason Wheatley
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile:  (212) 751-4864

*Attorneys for Defendants Eaton*
*Corporation, Alfred Vincenzi, Patrick*
*Ferrang and Ronald Quade*